IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
MAY 1 2 2009
CLERK, US DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA,

v.                                                              Criminal Action No. 2:09cr2

MICHAEL DONNELL BUTTS

Defendant.

*MEMORANDUM ORDER*

Before the Court is the Government's Motion to Continue this trial, which is scheduled to commence on May 26, 2009. Michael Butts ("Butts" or "Defendant") objects to this motion. The Court held a status conference and heard arguments regarding the requested continuance on April 30, 2009. The Court Denied the Motion to Continue on April 30, 2009. This Memorandum Order sets forth the reasons for the Court's ruling.

On April 17, 2009, the Government moved to continue the above-styled trial. Even though Butts has not requested a continuance, the Government apparently makes its motion on Defendant's behalf, stating that defense counsel is not ready to go to trial by May 26, 2009 and is not prepared to defend a death penalty case. The Government also seeks the continuance because it expects to file a superseding indictment and wants to allow the Attorney General sufficient time to consider this case. Defendant objects to this motion stating that the proposed superseding indictment is not an appropriate ground for granting a continuance nor is the Government's need for additional time to seek to impose the death penalty.

1

The grant or denial of a motion for a continuance is a matter which lies within the sound discretion of the court. *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964); *United States v. Speed*, 53 F.3d 643, 644 (4th Cir. 1995) ("A motion for a continuance is within the district court's discretion; the court's decision is reviewed for abuse of that discretion.").

At Defendant's January 28, 2009 arraignment, a status conference was set for April 30, 2009 and a trial date was set for May 26, 2009. After the arraignment, discussions began regarding Defendant potentially pleading guilty. On March 24, 2009, Defendant indicated that he was not willing to plead guilty per the proposed plea agreement and statement of facts. The Government allowed Defendant until April 3, 2009 to reconsider his decision not to plea. On April 10, 2009, both parties presented written and oral submissions to the Department of Justice Capital Case Committee regarding the death penalty. The parties expected to receive notice of whether the Attorney General would approve or deny the United States Attorney's request to seek the death penalty for Defendant on or about April 30, 2009. Regardless of the Attorney General's decision, the Government expects to file superseding indictment on May 6, 2009.[1]

Based on the time line presented above, the Court finds that the Government had adequate opportunity to include the additional conspiracy and overt acts in the original indictment but did not do so because of its trial strategy. The Government's strategic reasons are insufficient to support a motion for a continuance. Additionally, the Court finds that the Government had sufficient time to complete and submit the paperwork necessary to provide notice of its intent to seek the death penalty. The fact that the Attorney General has not yet

---

[1] At the status hearing, the Government indicated that, although the information was available at that time the original indictment was filed, it chose not to include the additional conspiracy count and overt acts that are incorporated in the superseding indictment for strategic purposes.

2

indicated whether the death penalty is an appropriate punishment in this matter is not adequate support for this Court to grant the Government a continuance.

The Court notes that neither party asserts that a failure to continue would result in a miscarriage of justice. Further, neither party argues that anything about the case makes them unable to adequately prepare for trial by May 26, 2009. Moreover, the Court notes that Butts' counsel strongly undermined the Government's argument that Defendant needs additional time to prepare as defense counsel stated that they are fully prepared to proceed with the current trial date.

Because Defendant is prepared for trial and ready to commence trial on the scheduled date, and because the Government has not offered convincing arguments concerning the need for a continuance, this Court finds that the interests of justice weigh in favor of conducting the trial, as planned, on May 26, 2009.

Accordingly, it is **ORDERED** that the Government's motion to continue trial is **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Order to the parties.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
May 12 , 2009
*Nunc Pro Tunc*
April 30, 2009